IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| JACK MARTELL, LYNN VOGEL and<br>WILLIAM B. VOGEL,<br><br>                Plaintiffs,<br><br>v.<br><br>ALZA CORPORATION<br>and SANDOZ, INC.,<br><br>                Defendants. | Case No.: 08-4310-CV-C-SOW |

## **ORDER**

Before the Court is a Joint Motion for Entry of Stipulated Protective Order (Doc. #37). Having reviewed the motion, the Court finds that plaintiffs Jack Martell, Lynn Vogel, and William B. Vogel (hereinafter referred to as "Plaintiffs") and/or any other party may seek the production of documents and information from defendant ALZA Corporation (hereinafter referred to as "ALZA"). ALZA alleges such documents contain competitive sales, marketing, or product information including, but not limited to: (1) descriptions, identifications, changes, and modifications of any sort made to equipment used in the manufacturing process; (2) operations involved in the entire manufacturing process; (3) manufacturing practices and procedures and specific records illustrating same; (4) formulations and specifications relating to the product at issue; (5) practices, procedures and protocols relating to quality control and quality assurance; (6) other scientific marketing and/or research and development information; and/or (7) corporate financial and/or Duragesic® specific information which ALZA deems confidential. Further, ALZA deems that knowledge of any of the foregoing categories of information to the public and specifically to any competitor would cause a

severe competitive injury to ALZA in that many years have been invested in researching, developing, manufacturing, and marketing the product at issue, and ALZA currently relies on such expertise.

The parties in the above-styles action, through their counsel, have agreed that such documents may include trade secrets that may be protected under applicable state and federal law. Therefore, the parties in the above-styled action, through their counsel, have agreed that a Protective Order preserving the confidentiality of certain documents and information should be entered by the Court.

The Court has reviewed the terms and conditions of the proposed Protective Order submitted by and stipulated to by the parties, and has found that the confidentiality provisions of this Protective Order are proper. Accordingly, it is hereby

ORDERED that the Joint Motion for Entry of Stipulated Protective Order (Doc. #37) is granted and the following Protective Order is entered in this case:

1. Non-Disclosure of Documents. Documents produced by ALZA may be stamped "Protected Document. Document Subject to Protective Order" (hereinafter "Protected Documents") to signify that the documents are subject to protection by this Order. Interrogatory answers, responses to Requests for Admission, deposition transcripts and exhibits, pleadings, motions, affidavits, briefs, summaries, notes, computer-generated material, computer discs or retrievable data, other means of storage or duplication, and oral statements or communications that quote, summarize, or contain information from the Protected Documents are also subject to protection by this Order. No Protected Document or any portion of any Protected Document produced by Defendants may be disclosed to any person, except as permitted in paragraphs 2 and 3 below.

2. Protected Documents and/or any portion thereof deemed confidential may be disclosed to (a) counsel of record who are actively engaged in the conduct of this litigation; (b) the partners, associates, secretaries, paralegals, and employees of such counsel to the extent reasonably necessary to render professional services in the above-styled action; and (c) any party to this litigation, including current employees or representatives of ALZA.

3. In addition, Protected Documents and/or any portion thereof deemed confidential may be disclosed to (a) persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify; and (b) to outside consultants or experts retained by any party or their counsel for the purpose of assisting counsel in the litigation or to testify at trial. Before any Protected Documents may be disclosed to any person described in (a) and/or (b) of this paragraph, however, the person so described must sign the attached Confidentiality Agreement. The Confidentiality Agreement reflects that the signatory has read this Protective Order, understands that disclosure of Protected Documents constitutes contempt of court, and consents to the exercise of personal jurisdiction by this Court. The original of each signed Confidentiality Agreement shall be retained by counsel and a copy thereof served upon ALZA's counsel, except that a copy of the Confidentiality Agreement signed by a person described in subsection (b) need not be served upon ALZA's counsel until such person is disclosed as a witness.

4. Protected Documents subject to this Protective Order shall not be disclosed to any Competitor of ALZA. For purposed of this Order, "Competitor" shall be defined as

any entity or person currently engaged in the commercial delivery and/or commercial development and/or commercialization of transdermal or patch technology designed to deliver pharmaceuticals through the skin, and shall include any agent, employee, consultant, or other person currently similarly affiliated with such entity or person. Before disclosing any Protected Documents to any person listed in paragraph 3(a) or 3(b) who may also be a competitor of ALZA, the procedures in this paragraph shall be followed to assure that no confidential information is disclosed to any Competitor.[1]

Entry of this Protective Order by the Court imposes a duty upon any person who may be a competitor of ALZA to whom any Protected Documents are to be disclosed to make a good faith determination as to whether he or she is a Competitor.

a. If the person determines himself or herself to be a Competitor, neither the Protected Documents nor the contents thereof shall be discussed with or disclosed to such person.

b. If the person determines himself or herself not to be a Competitor, that person and counsel who intends to disclose Protected Documents to that person shall execute Affidavit A and Affidavit B respectively in addition to the

---

[1] Based on the information now known and previously disclosed to ALZA and its counsel, Mark Prausnitz, Cheryl Blume, and Annette Bunge shall not be considered Competitors under this Protective Order and they are under no requirement to make a good faith determination as to whether they are or are not Competitors and they are not required to execute Affidavit A and no counsel is required to execute Affidavit B in connection with disclosure of Protected Documents to Mark Prausnitz, Cheryl Blume, and Annette Bunge as long as their employment and consulting status remains as described in their depositions taken in *John DiCosolo v. Janssen Phamaceutica, Inc., et al.*, on February 25, 2008, in *Hodgemire v. Janssen Pharmaceutica Products, LP, et al.*, on April 15, 2008, and in *Hodgemire v. Janssen Pharmaceutica Products, LP, et al.*, on April 17, 2008 respectively. Likewise, once a particular expert has executed the Affidavits in one case, they are not required to execute them again in a different case against ALZA, provided such expert's employment and consulting status remains as it was at the time of the execution of the original affidavits.

Case 2:08-cv-04310-SOW    Document 38    Filed 02/01/10   Page 4 of 15

Confidentiality Agreement attached hereto. Except as otherwise provided in paragraph 3, the original Affidavits and Confidentiality Agreement shall be retained by counsel and a copy thereof served upon ALZA's counsel seven (7) business days prior to the disclosure of any Protected Documents and/or the contents thereof.

  c. If the person is unable to determine whether he or she is a Competitor, counsel for the disclosing party shall prepare a written statement identifying the potential Competitor, including the name and current residence of the potential Competitor, his or her job title and employer's names and addresses for the previous five (5) years. The original of such statement shall be retained by counsel and a copy thereof served upon ALZA's counsel. ALZA's counsel shall have seven (7) business days to object to disclosure of Protected Documents to the potential Competitor. If no objection is made, the Affidavits and Confidentiality Agreement shall be executed and served as described in subsection (b).

If there is an uncertainty or dispute as to whether the person is a Competitor, any party may seek a ruling from the Court regarding the same after complying with the requirements set forth in Local Rule 37.1 governing discovery disputes. Pending a ruling by the Court on the dispute, no Protected Documents shall be disclosed to the potential Competitor. Nothing herein shall prevent plaintiffs from seeking leave of Court, upon good cause shown, to disclose Protected Documents to a Competitor of ALZA.

5. Certain documents prepared in compliance with the regulations of the United States Food and Drug Administrations contain material that is privileged and confidential under the patient-physician privilege or specific federal regulations governing clinical trials and adverse drug experience reporting. To protect these privileges, all such documents produced by ALZA in response to a discovery request shall have the name and address of the patient and physician redacted as well as all identifying information regarding the reporter, but such redaction shall not be done in such a manner as to redact material data contained in such reports.

6. Documents at Depositions

   a. A deponent who is not a current employee of ALZA may, during the deposition, be shown and examined about Protected Documents as long as disclosure comports with the provisions of paragraphs 3 and 4, although the deponent can comply with the requirements of paragraphs 3 and 4 via oral testimony on the record under oath during the deposition instead of signing the affidavits. Notwithstanding such, a former employee of ALZA may be shown a Protected Document if such former employee authored or has previously seen such document before. A deponent shall not retain or copy portions of the transcript of his or her deposition containing confidential information not provided by the deponent or the entities whom he or she represents unless he or she signs the Confidentiality Agreement as well as the applicable Affidavits described in paragraphs 3 and 4.

b.  Any party and any deponent may, within thirty (30) days after receiving a deposition transcript, designate the transcript as protected pursuant to this Protective Order by written notice to all counsel of the designation and by having the cover page of the transcript marked as follows: "Protected Document. Document Subject to Protective Order." During the initial thirty (30) day period, the entire deposition will be treated as subject to protection against disclosure under this Protective Order, but if no party or deponent timely designates the transcript as protected, then the transcript shall not thereafter be subject to this Protective Order. (Deposition exhibits that are protected documents pursuant to this Protective Order will continue to be protected without further designation being required. The continued protection of such documents will not be dependent upon the transcript being designated as protected.) If there is uncertainty or any dispute as to whether a transcript has been properly designated as protected, any party may seek a ruling from this Court after complying with the requirements set forth in Local Rule 37.1 governing discovery disputes. Pending a ruling by the Court, the entire deposition will be treated as subject to protection against disclosure under this Protective Order. Deposition transcripts designated as protected may be filed with the Court only under seal, consistent with the provisions of Paragraph 7.

7.  Filing. Protected Documents are not to be filed with this Court except when required in connection with motions or other matters pending before this Court. If any party

-7-

Case 2:08-cv-04310-SOW    Document 38    Filed 02/01/10    Page 7 of 15

intends to file the Protected Documents, such party shall file a motion seeking leave to file documents under seal. The parties have agreed that any party intending to file Protected Documents shall adhere to the provisions set forth in California Rule of Court 2.551 as well. Any motion referring to or quoting Protected Documents or information shall also be filed under seal. If any party notifies another party that they intend or need to file one or more of the Protected Documents in response to a motion previously filed, the party who filed such motion specifically agrees to provide whatever extension or continuance is necessary to file such response to allow for compliance with this paragraph. The party seeking an extension of time or a continuance must file an appropriate motion with the Court.

8. Documents Used at Trial. ALZA may move this Court for an Order that the evidence at trial be received in such a way as to prevent unnecessary disclosure consistent with applicable law. Absent such additional Order of this Court, all parties are entitled to use Protected Documents as evidence during trial without restriction.

9. Declassification. Any party may request from this Court a ruling that a Documents or depositions transcript is not entitled to continued protection under this Protective Order after complying with the requirements set forth in Local Rule 37.1 governing discovery disputes.

10. Subpoena by Other Courts or Agencies. If another court or an administrative agency subpoenas or orders production of the Protected Documents which a party has obtained under the terms of this Protective Order, the party shall promptly notify ALZA's counsel of such subpoena or order. Protected Documents shall not be

produced by the party until ALZA's counsel has been notified of such subpoena or order and has had a reasonable opportunity to protect ALZA's interests by objecting to the subpoena or order.

11. Client Consultation. Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering advice to, or consulting with, their clients. All parties and their counsel, however, are bound by the terms of this Protective Order.

12. Use. Protected Documents and any information contained therein may be used for the preparation and trial, appeal, and/or re-trial of the above-styled action. In addition, Protected Documents with a "DUR" Bates stamp prefix may be used in other Duragesic® cases in which Heygood, Orr & Pearson is lead trial counsel so long as this Protective Order or a similar Stipulated Protective Order is entered in this cases and Heygood, Orr & Pearson gives Tucker, Ellis & West LLP written notice of the documents it intends to use. Additionally, ALZA agrees that it will not be a violation of any Protective Order for Heygood, Orr & Pearson to use such Protected Documents produced in other Duragesic® cases against ALZA where Heygood, Orr & Pearson was or is lead counsel in the preparation and trial, appeal, and/or re-trial of this action or any other Duragesic® cases against ALZA where Heygood, Orr & Pearson is lead counsel.

13. Non-Termination.

   a. Within thirty (30) days after final conclusion of all cases that Heygood, Orr & Pearson is handling involving Duragesic®, the Protected Documents and all copies thereof (other than exhibits of records) shall be returned to counsel

for ALZA or destroyed. Notes, summaries, memos, computer databases, and other information compilations from the Documents shall be destroyed. All parties and their counsel shall certify compliance herewith and shall deliver the same to counsel for ALZA not more than forty-five (45) days after final termination of this litigation.

    b.    Consultants and/or experts who are retained by counsel for plaintiffs and continue to consult on active cases involving Duragesic® are not required to return to ALZA's counsel and/or destroy Protected Documents at the termination of the above-styled action. However, within thirty (30) days after final conclusion of all aspects of the active Duragesic® cases for which the consultant and/or expert has been retained, the Protected Documents and all copies thereof (other than exhibits of record) shall be returned to counsel for ALZA, or at ALZA's option, destroyed. All parties and their counsel shall certify compliance herewith and shall deliver the same to counsel for ALZA not more than forty-five (45) days after final termination of all aspects of the active Duragesic® cases for which the consultant and/or expert has been retained.

14.    **Previously Produced Documents.** Documents that have previously been produced to Heygood, Orr & Pearson in other related litigation under productions and Bates numbering below shall be deemed to have been produced by ALZA in this case.

    ALZA and plaintiffs further stipulate that subsequent productions of Protected Documents identified by the Bates prefix "DUR" or "WEST" produced by

-10-

ALZA in this or other cases involving a Duragesic® patch in which Heygood, Orr & Pearson is lead trial counsel will also be deemed produced in this case on the condition that discovery is still open in this case on the date such Protected Documents are produced to Heygood, Orr & Pearson. This Stipulation shall have no bearing on the admissibility of the Protected Documents deemed produced herein. Furthermore, ALZA does not waive any objections regarding use of Protected Documents before, during, or after the trial of this matter.

15. The provisions of this Protective Order shall remain in full force and effect and each person subject to this Order shall continue to be subject to the jurisdiction of this Court, for the purposes of this Order, in perpetuity, and the Court shall not be divested of jurisdiction of any person or of the subject matter of this Order by the occurrence of the conclusion of this case, or by the filing of a notice of appeal, or other pleading which would have the effect of divesting this Court of jurisdiction of this matter generally.

SO ORDERED.

/s/ Scott O. Wright
SCOTT O. WRIGHT
Senior United States District Judge

DATED: February 1, 2010

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| JACK MARTELL, LYNN VOGEL, and WILLIAM B. VOGEL, </br></br> Plaintiffs, </br></br> v. </br></br> ALZA CORPORATION and SANDOZ, INC., </br></br> Defendants. | ) ) ) ) ) ) ) No. 08-4310-CV-C-SOW ) ) ) ) ) |

**CONFIDENTIALITY AGREEMENT**

The undersigned, having read and understood the Stipulated Protective Order governing the restricted use of Protected Documents of defendants and any information derived therefrom, hereby agrees to be bound by the terms thereof; understands that any disclosure of the Protected Documents or any information derived therefrom constitutes contempt of court; and agrees to submit to the personal jurisdiction of this Court to enforce the Protective Order against the undersigned.

Date: _____     By: _____

                                                      Name: _____

                                                      Title: _____

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| JACK MARTELL, LYNN VOGEL, and WILLIAM B. VOGEL, <br><br> Plaintiffs, <br><br> v. <br><br> ALZA CORPORATION and SANDOZ, INC., <br><br> Defendants. | ) ) ) ) ) ) ) ) No. 08-4310-CV-C-SOW ) ) ) ) ) |

**AFFIDAVIT OF CONSULTANT/EXPERT/WITNESS (AFFIDAVIT "A")**

I, _____, declare and state the following:

1. I am over eighteen (18) years of age and I am in all respects competent to execute this Affidavit. The facts stated hereunder are true, known to me of my own personal knowledge, and if called as a witness, I could and would competently testify thereto.

2. I have been requested to review allegedly confidential/proprietary documents regarding a lawsuit currently pending against ALZA Corporation and/or certain other persons, firms, corporations, or entities, involving the product known as Duragesic®.

3. Pursuant to Paragraph 4 of the Stipulated Protective Order entered in the case entitled *Jack Martell, et al. v. ALZA Corporation, et al.*, I do not believe I am presently engaged as a Competitor (as defined in paragraph 4 of the Stipulated Protective Order) of and/or an agent, employee, consultant or person otherwise actively affiliated with a Competitor of any of the defendants.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this Affidavit was executed on the _____ day of _____, 2010, at _____.

_____
(Signature)

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| JACK MARTELL, LYNN VOGEL, and WILLIAM B. VOGEL, <br><br> Plaintiffs, <br><br> v. <br><br> ALZA CORPORATION and SANDOZ, INC., <br><br> Defendants. | No. 08-4310-CV-C-SOW |

**AFFIDAVIT OF COUNSEL (AFFIDAVIT "B")**

I, _____, declare and state the following:

1. I am over eighteen (18) years of age and I am in all respects competent to execute this Affidavit. The facts stated hereunder are true, known to me of my own personal knowledge, and if called as a witness, I could and would competently testify thereto.

2. I am counsel of record for _____ in a lawsuit currently pending against ALZA Corporation and/or certain other persons, firms, corporations, or entities, involving the product known as Duragesic®.

3. Pursuant to Paragraph 4 of the Stipulated Protective Order entered in the case entitled *Jack Martell, et al. v. ALZA Corporation, et al.*, after reasonable inquiry and consultation with _____ _____, it is my opinion that he/she is not presently engaged as a Competitor (as defined in paragraph 4 of the Stipulated Protective Order) of and/or an agent, employee, consultant or person otherwise actively affiliated with a Competitor of any of the defendants.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this Affidavit was executed on the _____ day of _____, 2010, at _____.

_____
(Signature)